# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WESLEY WELLS,<br><br>           Petitioner,<br><br>     v.<br><br>K. MENDOZA-POWERS,<br><br>           Respondent.        / | CV F   07-0926 AWI SMS HC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING RESPONDENT'S MOTION TO DISMISS BE DENIED AS MOOT AND GRANTING PETITIONER'S MOTION TO FILE AMENDED PETITION NUNC PRO TUNC<br><br>[Docs. 8, 10] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

PROCEDURAL HISTORY

On April 2, 2007, Petitioner filed a petition for review in the California Supreme Court challenging the Board of Parole Hearing's (BPH) 2005 decision finding him unsuitable for parole. (Exhibits 1 & 2, to Motion.) In his petition presented to the California Supreme Court, Petitioner raised the following two claims: (1) the BPH violated his federal and state due process rights when it based his parole release decision on the circumstances of his commitment offense, and (2) the BPH's reliance on the commitment offense was supported by some evidence. (Exhibit 1, at 4-12.) The California Supreme Court summarily denied the petition on June 13, 2007.

Petitioner then filed the instant federal petition for writ of habeas corpus in this Court on June 27, 2007, raising the following claims: (1) the BPH's decision denied him due process

1

because it was not supported by substantial evidence; (2) the BPH violated state law when it considered whether he was suitable for parole; (3) the BPH violated his due process rights when it based his parole release decision on the circumstances of his commitment offense; (4) the BPH's denial of parole violated his plea agreement; and (5) the BPH's decision is improperly based on a presumptive denial of parole policy.

Pursuant to this Court's order of July 5, 2007, Respondent filed the instant motion to dismiss on September 4, 2007. (Court Doc. 8.) On September 17, 2007, Petitioner filed a motion to amend the petition, and on October 22, 2007, Petitioner filed an amended petition. (Court Docs. 10, 12.)

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.   Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501

1 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.
2 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

3      A petitioner can satisfy the exhaustion requirement by providing the highest state court
4 with a full and fair opportunity to consider each claim before presenting it to the federal court.
5 Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,
6 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair
7 opportunity to hear a claim if the petitioner has presented the highest state court with the claim's
8 factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal
9 basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).
10 Additionally, the petitioner must have specifically told the state court that he was raising a
11 federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133
12 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court
13 violated his due process rights "he must say so, not only in federal court but in state court."
14 Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is
15 insufficient to present the "substance" of such a federal claim to a state court. See Anderson v.
16 Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance
17 that the "due process ramifications" of an argument might be "self-evident."); Gray v.
18 Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus
19 must include reference to a specific federal constitutional guarantee, as well as a statement of the
20 facts which entitle the petitioner to relief.").

21      Additionally, the petitioner must have specifically told the state court that he was raising
22 a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,
23 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th
24 Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States
25 Supreme Court reiterated the rule as follows:

26      In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
of state remedies requires that petitioners "fairly presen[t]" federal claims to the
27      state courts in order to give the State the "'opportunity to pass upon and correct
alleged violations of the prisoners' federal rights" (some internal quotation marks
28      omitted). If state courts are to be given the opportunity to correct alleged violations

> of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In his motion to amend, filed September 17, 2007, Petitioner concedes that "he did mistakenly include unexhausted claim in his Federal Petition." (Court Doc. 10, Motion, at 1.) Thus, as Respondent submits, and Petitioner concedes, Petitioner failed to exhaust the claims that (1) the BPH's decision denied him due process because it was not supported by substantial evidence, (2) the BPH's denial of parole violated his plea agreement, and (3) the BPH's decision is improperly based on a presumptive denial of parole policy, as they were not presented in his petition to the California Supreme Court.  In response to Respondent's motion to dismiss the petition as a "mixed" petition, Petitioner has filed an amended petition deleting the unexhausted claims.  (*See* Court Doc. 12, Amended Petition.)  Accordingly, Respondent's motion to dismiss is now MOOT, and it should be denied on that ground.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Petitioner's motion to amend the petition be GRANTED nunc pro tunc to October

1  22, 2007;

2  2. Respondent's motion to dismiss the petition as containing both exhausted and
3  unexhausted claims be DENIED as MOOT; and

4  3. The matter be referred back to the Magistrate Judge for issuance of a further
5  briefing schedule addressing the merits of the exhausted claims.

6  This Findings and Recommendation is submitted to the assigned United States District
7  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
8  the Local Rules of Practice for the United States District Court, Eastern District of California.
9  Within fifteen (15) days after being served with a copy, any party may file written objections
10 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
11 to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
12 and filed within ten (10) court days (plus three days if served by mail) after service of the
13 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
14 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
15 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
16 Cir. 1991).

18 IT IS SO ORDERED.

19 **Dated:    November 28, 2007**                    /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE